# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JESSE A. PEREZ,**
**Claimant Below, Petitioner**

vs.)    No. 18-0853 (BOR Appeal No. 2052911)
                    (Claim No. 2015027144)

**RAYNELL D. TOLER,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jesse A. Perez, by Counsel John Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Raynell D. Toler, by Counsel Timothy Huffman, filed a timely response.

The issue on appeal is the rejection of a request for medical treatment. On October 30, 2017, the claims administrator denied a request for a referral to Brian Yee, D.O., for pain management and cervical injections. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on April 25, 2018. This appeal arises from the Board of Review's Order dated September 10, 2018, in which the Board affirmed the decision of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Perez filed an application for workers' compensation benefits on April 2, 2015, indicating that while working as a carpenter, he injured his head when a loose board fell on his head. He immediately sought treatment at Plateau Medical Center where he was diagnosed with a head injury, concussion, and neck sprain. A small abrasion and hematoma was noted on the top of his head. Mr. Perez complained of dizziness, headache and neck pain. A normal computerized tomography scan ("CT scan") was obtained and a scan of the cervical spine showed no fracture or

1

dislocation. Mr. Perez did have mild degenerative disc disease with marginal osteophyte with an extradural mass defect on the thecal sac with mild central canal stenosis at C4-C5. He was not hospitalized but was asked to see his primary care physician within two to three days.

Mr. Perez was treated by Barry Vaught, M.D., a neurologist, for headaches and dizziness. In a progress note dated April 29, 2015, Dr. Vaught stated that Mr. Perez developed occipital headaches, burning pain radiating up to the top of his head, and marked changes in his mood as a result of his injuries. Mr. Perez also reported feelings of anxiety and anger following his injury. Dr. Vaught diagnosed Mr. Perez with cervical spondylosis with myelopathy, occipital neuralgia, and anxiety disorder. He prescribed medication to control Mr. Perez's feelings of anxiety and anger.

An MRI conducted on May 20, 2015, at Raleigh General Hospital was interpreted to show posterior bulging at C4-C7 intervertebral discs along with marginal osteophytes resulting in mild spinal stenosis at C4-C6 levels. There was no evidence of spinal cord compression. The interpretation was signed by Alan M. Lintala, M.D. Office notes dated June 23, 2015, and September 10, 2015, from Dr. Vaught show that Mr. Perez continued to complain of occipital pain, neck pain, and numbness, weakness, and tremors in his upper extremities. He reported significant improvement in his anxiety with his medication.

On August 5, 2015, James Dauphin, M.D., an orthopedic surgeon, issued a physician review report to consider whether the claim should be updated to add displacement of the cervical spine, displacement of the intervertebral disc, and spinal canal stenosis. Dr. Dauphin noted that Mr. Perez is being treated by Dr. Vaught and Dr. Patel, both of whom believed that the ruptured cervical disc was the result of his injury. Dr. Dauphin recommended that displacement of cervical disc be added as a compensable diagnosis in the claim. He did not recommend that spinal stenosis should be added to the claim.

On October 20, 2015, Rajesh Patel, M.D., performed an anterior cervical discectomy with decompression and fusion at the C4-C5, C5-C6, and C6-C7 levels of the cervical spine. The pre-operative diagnosis was C6-C7 disc herniation, cervical spinal stenosis, cervical sprain, and cervical myelopathy. The anterior cervical discectomy was performed at Raleigh General Hospital.

Mr. Perez underwent an independent medical evaluation by Joseph E. Grady, M.D., on April 11, 2016. Mr. Perez reported to Dr. Grady that surgery helped a great deal, but he still continued to feel discomfort. Dr. Grady diagnosed status-post anterior cervical discectomy and fusion from C4 to C7 for multilevel cervical spondylolisthesis; resolved facial soft tissue contusion; and a reported history of concussion. There was no scarring or disfigurement and Mr. Perez did not report any radicular symptoms. Dr. Grady did not believe he had reached his maximum degree of medical improvement because he was still participating in therapy. Dr. Grady believed that Mr. Perez would be at maximum medical improvement when he returned to Dr. Patel later that month. On April 28, 2016, Dr. Grady issued an addendum report in which he reported that Mr. Perez had reached maximum medical improvement. A return-to-work progress note had been issued and there was discussion about him participating in a work-conditioning program. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment,*

(4th ed. 1993), Dr. Grady rated Mr. Perez's whole person impairment at 25% for the cervical component of his compensable injury.

Mr. Perez requested that adjustment disorder and mixed anxiety depressed mood be added as compensable components on November 11, 2016. On December 15, 2016, the claims administrator denied Dr. Vaught's request to add adjustment disorder with mixed anxiety and depressed mood as a compensable diagnosis in the claim. Mr. Perez sought reconsideration of the claims administrator's decision.

A progress note from Dr. Vaught dated November 14, 2016, reported that Mr. Perez continues to have occasional headaches and minimal left occipital pain. He also reported decreased cervical range of motion and some tingling in his hands. His anxiety had significantly improved with the use of Cymbalta. Mr. Perez was still anxious about returning to the construction industry and sustaining another accident.

The Brickstreet Grievance Board ("Grievance Board") convened on December 14, 2016, to consider reconsideration of the claims administrator's decision of November 11, 2016, denying adjustment disorder with mixed anxiety and depressed mood as a compensable diagnosis in the claim. The Grievance Board concluded that the claims administrator acted appropriately in light of the evidence of record. The Grievance Board recommended that the Decision of November 11, 2016, be affirmed. As a result of the Grievance Board's decision, on December 15, 2016, the claims administrator denied Dr. Vaught's request to add adjustment disorder with mixed anxiety and depressed mood as a compensable diagnosis in the claim.

A progress note from Dr. Vaught dated March 15, 2017, reported that Mr. Perez experienced a loss of sensation in his right lower extremity and right lower extremity weakness. Mr. Perez also reported difficulty with his balance and stumbling. Dr. Vaught's assessment was lumbar spondylosis with myelopathy. Dr. Vaught recommended a lumbar magnetic resonance imaging study ("MRI") and a nerve conduction study of his lower extremities.

On May 24, 2017, in a follow-up report, Dr. Patel noted that x-rays revealed that the fusion was still in good position and there were no signs of loosening. It was also reported that Mr. Perez was doing better overall with minimal discomfort. The assessment was cervical post fusion syndrome at C4 to C7, cervicalgia, and cervical sprain. Mr. Perez was to return to Dr. Patel in six months.

A progress note from Dr. Vaught dated July 24, 2017, indicated that Mr. Perez was still complaining of neck pain and a soft tissue mass at the distal portion of the cervical spine. He reported worsening pins and needles sensation in his upper extremities, a new tremor in his hands, and a tingling sensation running from the base of his skull to the sacrum. He also complained of depression and short-term memory loss. Dr. Vaught's assessment was occipital neuralgia, adjustment disorder with mixed anxiety and depressed mood, concussion, and cervical spondylosis. Dr. Vaught recommended a cervical MRI to evaluate the new concerns. Mr. Perez underwent an MRI on August 23, 2017. The MRI showed no disc herniation in the cervical spine.

On September 5, 2017, Dr. Vaught requested authorization for a referral to Dr. Yee at the Center for Pain Relief.

In a physician review report dated September 29, 2017, Syam Stoll, M.D., considered whether the insurer should authorize the request for a referral to pain management for cervical injections in this claim. Dr. Stoll noted that Dr. Grady concluded on April 22, 2016, that Mr. Perez had reached his maximum degree of medical improvement with no need for further maintenance care. Dr. Stoll also noted that a recent cervical MRI study of August 23, 2017, did not find evidence of disc herniation and no significant spinal stenosis or neural foraminal narrowing. Dr. Stoll opined that the request for cervical injections is not supported by the objective medical evidence in the record. Dr. Stoll also stated that the evidence shows that the cervical fusion is stable. Dr. Stoll concluded that any ongoing treatment in the claim is for subjective complaints that are not substantiated by objective medical evidence.

The claims administrator denied Dr. Vaught's request to refer Mr. Perez to Dr. Yee for pain management and cervical injections. Mr. Perez sought reconsideration of the claims administrator's decision. The Grievance Board convened on October 25, 2017, and concluded that the claims administrator's decision was appropriate and should be affirmed. The Board based its decision upon the MRI study of August 23, 2017, and Dr. Stoll's physician review report. As a result of the Grievance Board's decision, the claims administrator issued an Order on October 30, 2017, denying Dr. Vaught's request to refer Mr. Perez to Dr. Yee for pain management and cervical injections. Mr. Perez protested the claims administrator's decision.

Mr. Perez was seen for a follow-up evaluation on October 31, 2017, with Dr. Vaught for his occipital neuralgia, post-concussion syndrome, cervicalgia, anxiety, and lumbosacral radiculopathy. Mr. Perez reported that he continues to have occasional headaches. He also expressed a desire to proceed with injections for cervicalgia.

On December 11, 2017, A. E. Landis, M.D., performed an independent medical evaluation of Mr. Perez. Dr. Landis diagnosed congenital fusion at C2-C3, surgical fusion with internal fixation at C5-C7 and degenerative change at C1-C2 articulation. Dr. Landis found no evidence of impairment above or below the 25% impairment rating which was previously awarded. Dr. Landis concluded that the only indication for ongoing treatment would be for use of nonsteroidal, anti-inflammatory medication. Dr. Landis opined that injection therapy of the cervical spine was not indicated and was "totally unnecessary at this point."

Dr. Vaught authored a Statement and Affidavit of Medical Necessity dated January 18, 2018. Dr. Vaught stated that Mr. Perez should receive authorization for a referral to Dr. Yee at the Center for Pain Relief for pain management and cervical injections. He opined that the referral and injections would improve the cervicalgia condition and the quality of life of Mr. Perez. Dr. Vaught also stated that during the course of treatment, Mr. Perez had tried and failed multiple therapies and medications.

The claim was submitted for decision and an Order was entered by the Office of Judges on April 25, 2018, which denied the request for a referral to Dr. Yee for pain management and cervical

injections. The Office of Judges did not find Dr. Vaught's medical findings to be persuasive that pain management and cervical injections were medically necessary for treatment of the compensable conditions. It was noted that Drs. Grady, Patel, Stoll, and Landis all concluded that Mr. Perez had reached his maximum degree of medical improvement and required no additional treatment. The Office of Judges concluded that Dr. Vaught's assessment is contrary to the weight of the medical evidence. The claims administrator's Order of October 30, 2017, was affirmed. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its decision in an Order dated September 10, 2018.

After review, we agree with the decision of the Board of Review. The evidence in this claim, as noted by the Office of Judges, establishes that Mr. Perez reached his maximum degree of medical improvement and that he is in need of no further maintenance care related to his injury. Mr. Perez has failed to establish that the request for a referral to Dr. Yee for pain management and cervical injections is reasonable or medically necessary in this claim. A preponderance of the evidence supports affirmation of the claims administrator's Order of October 30, 2017.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 3, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison